IN THE CIRCUIT COURT OF SALINE COUNTY ARKANSAS



FILED
SALINE COUNTY
CIRCUIT CLERK

2021 SEP 14 PM 3:31

**JACOB HORSEY**   PLAINTIFF

vs.   CASE NO: 63CV-21-866-2

**TRE DAVIS, INDIVIDUALLY, AND
IN HIS OFFICIAL CAPACITY AS A
SALINE COUNTY SHERIFF'S DEPUTY;
THE SALINE COUNTY SHERIFF'S OFFICE**   DEFENDANTS

## COMPLAINT

COME the PLAINTIFF, **JACOB HORSEY**, by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**, and for this Complaint, he states:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident of Saline County, Arkansas, who brings this case seeking damages for a dog bite he suffered from a dog named "Rineco". All parties are residents of Saline County, Arkansas, so venue is proper. This is an action for violation of Plaintiff's State and Federal Constitutional Rights, as allowed by 42 USC 1983 and the ACRA. Accordingly, this Court has personal jurisdiction over the parties and subject matter jurisdiction since the acts given rise to this action arose in this county, venue is proper. All actions were taken under color of law, since Tre Davis is a duly appointed Saline County Sheriff's Deputy.

### GENERAL FACTS

2. Defendant knew, or should have known, that Rineco was a dangerous dog.

3. Defendant chased a truck in which Plaintiff was riding.

4. The trucked stopped, and the driver, Jimmy Williams, ran, fleeing on foot.

5. Defendant released the dog to apprehend the driver.

6. But the dog, instead, bit the Plaintiff without legal justification; and, refused to release on command.

7. Plaintiff complied with all instructions.

8. Plaintiff committed no crime, yet when Defendant released his dog, the dog bit the Plaintiff on his left leg and refused to release timely, causing Plaintiff unnecessary pain and terror.

## COUNT I- ACRA and 42 USC 1983

9. Plaintiff had a clearly established right to be free from unreasonable search and seizure under the Arkansas Constitution and the 4th Amendment to United States Constitution, as well as a right to bodily integrity as required by Substantive and Procedural Due Process under the 14th Amendment.

10. Defendant deprived Plaintiff of these rights, so Plaintiff brings this action, as allowed by the ACRA and 42 USC 1983.

11. Neither Defendant, nor Rineco, were properly trained.

12. Defendant did not release Rineco to apprehend the Plaintiff.

13. Yet Rineco bit the Plaintiff.

14. Plaintiff had committed no crime.

15. The Sheriff's failure to properly vet Rineco, to ensure Rineco and his handler were appropriately trained, amounts to deliberate indifference to the rights of persons with whom the police come into contact. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

16. The Saline County Sheriff was deliberately indifferent as to the rights of others in adopting them, such that the failure to hire, train, or supervise reflects a deliberate or conscious

choice by the County; and, there was a deficiency in the hiring, training, or supervising procedures actually caused the Plaintiff's injury, as herein alleged.

17. As a direct and proximate cause of acts and omission alleged herein, Plaintiff has lost wages, lost earning capacity, incurred extensive medical bills in the past and in the future, exceeding $500,000.00, been scarred, and has incurred other damages in an amount to be proven at trial.

18. Defendants' actions have been so reckless so as to warrant the imposition of punitive damages in his individual capacity.

## JURY DEMAND

19. Plaintiff prays for a trial by jury.

**WHEREFORE, PLAINTIFF, JACOB HORSEY,** prays for appropriate compensatory and punitive damages exceeding $500,000.00; for trial by jury; for reasonable attorneys' fees and costs; and for all other proper relief.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
Post Office Box 2012
Benton, AR 72018
501/315-1910 Office
501/315-1916 Facsimile
Attorneys for the Plaintiff

By: /s/ Luther Oneal Sutter
Luther Oneal Sutter, ARBN 95031