ELECTRONICALLY FILED
Saline County Circuit Court
Myka Bono Sample, Circuit Clerk
2021-Oct-11 11:27:08
63CV-21-866
C22D02 : 9 Pages

## IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
## CIVIL DIVISION

**JACOB HORSEY**                                                               **PLAINTIFF**

**VS.**               **CASE NO. 63CV-21-866-2**

**TRE DAVIS, INDIVIDUALLY, AND
IN HIS OFFICIAL CAPACITY AS A
SALINE COUNTY SHERIFF'S DEPUTY;
THE SALINE COUNTY SHERIFF'S OFFICE**            **DEFENDANTS**

### ANSWER TO COMPLAINT

Come Now, Defendants, Tre Davis, in his personal and official capacity, and the Saline County Sheriff's Office, by and through their attorneys, Friday Eldredge and Clark, LLP, and for their answer, states as follows:

1. The allegations contained in Paragraph 1 of the Complaint are denied.

2. The allegations contained in Paragraph 2 of the Complaint are denied.

3. The allegations contained in Paragraph 3 of the Complaint are denied.

4. The allegations contained in Paragraph 4 of the Complaint are admitted.

5. The allegations contained in Paragraph 5 of the Complaint are denied.

6. The allegations contained in Paragraph 6 of the Complaint are denied.

7. The allegations contained in Paragraph 7 of the Complaint are denied.

8. The allegations contained in Paragraph 8 of the Complaint are denied.

9. The allegations contained in Paragraph 9 of the Complaint are denied.

10. The allegations contained in Paragraph 10 of the Complaint are denied.

11. The allegations contained in Paragraph 11 of the Complaint are denied.

12. The allegations contained in Paragraph 12 of the Complaint are denied

13. The allegations contained in Paragraph 13 of the Complaint are denied.

14. The allegations contained in Paragraph 14 of the Complaint are denied.

15. The allegations contained in Paragraph 15 of the Complaint are denied.

16. The allegations contained in Paragraph 16 of the Complaint are denied.

17. The allegations contained in Paragraph 17 of the Complaint are denied.

18. The allegations contained in Paragraph 18 of the Complaint are denied.

19. Defendants join the request for a jury trial on all causes of action in Paragraph 19.

20. Defendants deny that Plaintiff is entitled to the relief contained in the WHEREFORE clause.

21. Defendants deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

22. Defendants deny jurisdiction is proper pursuant to Rule 12(b)(1) and (b)(2) and state the jurisdiction for Plaintiff's claims rest in a federal court with federal question jurisdiction. Therefore, Defendants will remove this case to federal court.

23. Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(4) for insufficiency of process.

24. Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(5) for insufficiency of service of process.

25. Pleading affirmatively, any injuries or damages of were proximately caused by Plaintiff's own negligent conduct and/or the conduct of others for whom these Defendants are not legally responsible.

26. Pleading affirmatively, Plaintiff's negligence was the sole cause of any injuries or damages Plaintiff claims to have sustained.

27. Pleading affirmatively, based upon information and belief, Plaintiff has failed to act reasonably to mitigate the damages.

28. Pleading affirmatively, Defendants state that Plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions and/or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence(s) made the basis of Plaintiff's Complaint against Defendants, such that responsibility for such damages and/or injuries should be apportioned among pre-existing, contributory, or concurrent factors.

29. Pleading affirmatively, any attorneys' fees claim should be dismissed pursuant to Rule 12(b)(6), because it fails to state facts upon which relief can be granted.

30. Pleading affirmatively, Plaintiff has failed to state facts upon which relief can be granted in the form of punitive damages.

31. Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

32. Defendants are entitled to qualified immunity. Specifically, Defendants affirmatively plead qualified immunity, or good faith immunity, as a bar to Plaintiff's claims. Defendants in good faith believed their conduct to be reasonable and proper. Defendants' conduct further did not violate clearly established statutory or constitutional rights, of which a reasonable person would have known.

33. Defendants at all times acted in good faith to comply with all applicable federal and state anti-discrimination laws and acted with reasonable

Case 4:21-cv-00922-KGB Document 3 Filed 10/12/21 Page 5 of 9

grounds to believe that its actions did not violate the statutes cited by Plaintiff, and Defendant asserts a lack willfulness or intent to violate those statutes as a defense by any claim by Plaintiff for punitive damages.

34. Defendants affirmatively state that if the Plaintiff should release one or more joint tortfeasors, the Defendants are then entitled to reduce any damages awarded to Plaintiff by the amount stated in Ark. Code Ann. § 16-61-204(c). Defendants affirmatively state that, pursuant to Ark. Code Ann. § 16-61-204(d) and Arkansas Rules of Civil Procedure 49(c) and 52, effective January 1, 2015, they are entitled to have the jury determine the fault of all joint tortfeasors, including those who may be released following a settlement, in order to determine the released tortfeasor's pro-rata share of responsibility for the Plaintiff's damages.

35. Defendants demand allocation and apportionment of the relative degrees of fault of all parties who are appropriately at fault under the Arkansas Comparative Fault Statutes, including Ark. Code. Ann. § 16-64-122, the Civil Justice Reform Act of 2003, as codified at Ark. Code. Ann. § 16-61-201 *et. seq.* and an allocation of fault of all parties and relevant *non-parties* in accordance with Ark. Code. Ann. § 16-61-201 *et. seq.*, the Arkansas Uniform Contribution Among Tortfeasors Act (UCATA), and all applicable statutes and case law. Defendant is entitled to have any other party or parties allowable under Arkansas law on the verdict form as a non-party.

36. Pleading affirmatively, Plaintiff has failed to plead any official custom or policy is unconstitutional.

5

37. Pleading affirmatively, Defendants are entitled to dismissal because of principles of vicarious liability/respondeat superior immunity and statutory vicarious liability/respondeat superior immunity. *See for example* ACA 21-9-301.

38. Pleading affirmatively, Defendants are entitled to dismissal because a Defendant cannot be held liable on the basis of respondeat superior. *See Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013).

39. Pleading affirmatively, Defendants are entitled to immunity from punitive damages. *See e.g., City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 69 L.Ed.2d 616, 101 S.Ct. 2748 (1981).

40. Pleading affirmatively, Defendants are immune under principles of sovereign immunity.

41. Pleading affirmatively, Defendants are immune under principles of tort and statutory tort immunity. *See e.g.*, Ark. Code. Ann. § 21-9-301.

42. Pleading affirmatively, Defendants are not a proper party to a tort action in any event. *See e.g.*, Ark. Code. Ann. § 23-79-210.

43. Any claims for punitive damages are barred because the Defendants have not engaged in any conduct motivated by evil motive or intent, nor have they engaged in any conduct with reckless or callous indifference to federally protected rights.

44. Any claim for punitive damages claims are unconstitutional and should be dismissed for each of the following reasons:

    a. There is no definitive standard for setting the amount of

punitive damages and, therefore, an award of punitive damages without requiring Plaintiff to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, violates separate Defendant's due process rights under the United States Constitution, including the Fourteenth Amendment thereto.

      b.    An award of punitive damages violates Defendants' due process and equal protection rights guaranteed by the United States Constitution, including the Fourteenth Amendment thereto, and the double jeopardy clause of the United States Constitution, as incorporated into the Fourteenth Amendment, in that a jury (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishment; (3) is not expressly prohibited from awarding punitive damages in whole or in part, on the basis of insidiously discriminatory characteristics of a Defendants; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of objective standards; and (6) is not required to consider the character and degree of the alleged wrong.

      c.    An award of punitive damages under a process which fails to

bifurcate the issue of punitive damages from the remaining issues violates the separate Defendants' due process rights guaranteed by the United States Constitution, including the Fourteenth Amendment thereto.

**RESERVATION OF RIGHT TO PLEAD FURTHER AND OBJECTIONS**

45.    Defendants reserve the right to plead further and reserve objections on the basis of improper venue, failure to join a party under Rule 19, if any, and the affirmative defenses available under Rule 8, including, but not limited to, discharge in bankruptcy, duress, estoppel, fraud, illegality, laches, release, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

WHEREFORE, Defendants hereby answer Plaintiff's Complaint and are entitled to dismissal as set out above, their fees and expenses, and all other relief to which they may be entitled.

Respectfully submitted,

*/s/ Jamie Huffman Jones*
Jamie Huffman Jones, #2003125
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave., Suite 2000
Little Rock, Arkansas  72201
(501) 370-1430 – phone
(501) 244-5347 – fax
jjones@fridayfirm.com

## CERTIFICATE OF SERVICE

I Jamie Huffman Jones, hereby certify that a copy of the foregoing *Answer to Complaint*, has been served upon the following counsel of record via email on this date, October 11, 2021:

Luther O. Sutter, #95031
SUTTER & GILLHAM, P.L.L.C.
P.O. Box 2012
Benton, Arkansas 72018
501-315-1910 Office
501-315-1916 Facsimile
*Luthersutter.law@gmail.com*

*Attorney for Plaintiff*


By: */s/ Jamie Huffman Jones*
Jamie Huffman Jones
*Attorney for Defendant*