UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JACOB HORSEY**                                                                                          **PLAINTIFF**

**VS.**                                    **CASE NO. 4:21-cv-00922-KGB**

**TRE DAVIS, individually and in his
official capacity as a Saline County
Sheriff's Deputy, and SALINE
COUNTY SHERIFF'S OFFICE**                                               **DEFENDANTS**

### BRIEF IN MOTION TO DISMISS BY SEPARATE DEFENDANT, SALINE COUNTY SHERIFF'S OFFICE

Comes now, Separate Defendant, Saline County Sheriff's Office (the "Sheriff's Office"), by and through its attorneys, Friday Eldredge and Clark, LLP, and for its Brief in Support of its Motion to Dismiss, states as follows:

**I.      Rule 12(b)(6) Standard**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The principle that the court must accept the complaint allegations as true does not apply to mere recitals of the elements of a cause of action with conclusory statements. *Id.* at 555; *see also Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating courts are "free to ignore legal conclusion, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations'").

## II.     Authority and Analysis

### A.     The Complaint fails to allege sufficient facts to establish official capacity claims against the Sheriff's Office.

To establish a claim for deficient hiring and training policies, Plaintiff must allege (1) the Sheriff's Office's hiring and training practices were inadequate; (2) it was deliberately indifferent to the rights of others in adopting them, such that the failure to train reflects a deliberate or conscious choice; and (3) the alleged deficiency actually caused Plaintiff's injury. *See Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996) (citations and quotations omitted). This requires a showing "that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequately so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)).

The Complaint's factual allegations are limited entirely to Plaintiff's conclusory statements. *See* ECF No. 2 at ¶¶ 15-16. At most, he alleges "[t]he Sheriff's failure to properly vet Rineco to ensure Rineco and his handler were appropriately trained, amounts to deliberate indifference," and the Sheriff's Office was "deliberately indifferent as to the rights of others" through its "failure to hire, train, or supervise." *Id.* This is not sufficiently alleged "conduct" on the part of the Sheriff's Office for constitutional purposes. *See Twombly*, 550 U.S. at 555 ("a formulaic recitation of the elements of a cause of action" will not suffice). There are no factual allegations to demonstrate the alleged inadequacy

of the Sheriff's Office hiring, training, or supervision policies. The Eighth Circuit has affirmed orders granting motions to dismiss similar complaints. *See, e.g., Ulrich v. Pope County*, 715 F.3d 1054, 1061 (8th Cir. 2013). As the court in *Ulrich* explained, "[g]enerally, an isolated incident of alleged police misconduct, such as Ulrich alleges occurred here, cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." *Id.* Because Plaintiff's Complaint fails to provide sufficient factual matter to "state a claim to relief that is plausible on its face" against the Sheriff's Office, his claims against it must be dismissed. *See Twombly*, 550 U.S. at 570. *See also Ulrich*, 715 F.3d at 1061.

WHEREFORE, Separate Defendant, Saline County Sheriff's Office, respectfully requests that the Court dismiss Plaintiff's Complaint against it and for all other just and proper relief to which it is entitled.

Respectfully submitted,

Jamie Huffman Jones, #2003125
Kyle D. Kennedy, #2017104
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave., Suite 2000
Little Rock, Arkansas  72201
(501) 376-2011 – phone
(501) 376-2147 – fax
jjones@fridayfirm.com
kkennedy@fridayfirm.com